# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1813V
### Filed: February 4, 2022

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * <br><br> LINDA CHARLENE CLIFTON, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. <br><br> * * * * * * * * * * * * * * * * * * * * * * * * * * | Ruling on Entitlement; Table Injury; Tdap Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA). |

*Robert P. Goodwin*, Walsh Roberts & Grace, Buffalo, NY, for Petitioner
*Catherine Stolar*, U.S. Department of Justice, Washington, DC, for Respondent

## **RULING ON ENTITLEMENT**[1]

**Oler**, Special Master:

On December 8, 2020, Linda Clifton ("Ms. Clifton" or "Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Pet., ECF No. 1. Petitioner alleges that the Tdap vaccination she received on December 20, 2017 caused her to develop injuries including "left shoulder bursitis, bicep tendinitis, and adhesive capsulitis." *Id.* at 1.

---

[1] Because this Ruling contains a reasoned explanation for the action in this case, I intend to post this Ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On February 4, 2022, Respondent filed his Rule 4(c) Report in which he concedes that Petitioner is entitled to compensation in this case. Resp't's Rep. at 2, 9, ECF No. 26. Specifically, Respondent states that Petitioner

> had no history of pain, inflammation, or dysfunction of the affected shoulder prior to her vaccination that would explain the alleged symptoms and examination findings occurring after vaccine injection; she more likely than not suffered the onset of pain within forty-eight hours of vaccine administration; her pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and there is no other condition or abnormality present that would explain petitioner's symptoms. 42 C.F.R. § 100.3(a)(XIV)(B), (c)(10). Therefore, petitioner is entitled to a presumption of vaccine causation…. Thus, in light of the information contained in petitioner's medical records, respondent concedes that entitlement to compensation is appropriate under the terms of the Vaccine Act.

*Id.* at 8-9.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.** A separate order for the damages phase of this case will issue shortly.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master