# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-1813V**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
LINDA CHARLENE CLIFTON,      \*
       \*
     Petitioner,     \*      Special Master Shah
       \*
v.      \*      Filed: January 27, 2026
       \*
SECRETARY OF HEALTH     \*
AND HUMAN SERVICES,     \*
       \*
     Respondent.     \*
       \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Robert P. Goodwin,* Walsh Roberts & Grace, Buffalo, NY, for Petitioner.
*Catherine Elizabeth Stolar,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 8, 2020, Linda Charlene Clifton ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet. at 1 (ECF No. 1). Petitioner alleged that she developed left shoulder bursitis, bicep tendinitis, and adhesive capsulitis from the tetanus diphtheria acellular pertussis ("Tdap") vaccine she received on December 20, 2017. Pet. at 1, ECF No. 1. On February 4, 2022, Respondent file a Rule 4(c) Report stating, "Medical personnel at DICP have reviewed the facts of this case and concluded that petitioner's claim meets the Table criteria for SIRVA…. petitioner is entitlement to a presumption of vaccine causation." ECF No. 26 at 8-9. On the same day, former

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Special Master Katherine Oler issued a Ruling on Entitlement. ECF No. 27. On June 23, 2025, Respondent filed a proffer, which I adopted in a Decision awarding compensation on the same day. ECF Nos. 63, 64. Petitioner was awarded $116,240.64 in damages. ECF No. 64.

On July 23, 2025, Petitioner filed an application for final attorneys' fees and costs. ECF No. 68 ("Fees App."). Petitioner requests a total of $15,774.48 in attorneys' fees and costs, consisting of $15,225.00 in attorneys' fees and $549.48 in attorneys' costs. Fees App. at 2, Ex. A at 15. Petitioner states that she did not incur personal costs related to prosecution of this petition. Fees App. at 2. Respondent responded to the motion on July 25, 2025, stating that "Respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 69 ("Fees Resp.") at 2, 4. Petitioner did not file a reply.

This matter is now ripe for consideration.

## I.    Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

### A.  Reasonable Hourly Rates

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Petitioner requests $250.00 per hour for all work performed in this case by her attorney, Robert Goodwin, from 2021-2025. Mr. Goodwin was previously awarded these rates by other special masters. *See Stanek v. Sec'y of Health & Hum. Servs.*, No. 22-1623V, 2025 WL 1780201, at *1 (Fed. Cl. Spec. Mstr. May 23, 2025). Accordingly, I find the requested rate is reasonable and will award it herein.

### B.  Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program.  *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *see also Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

I have reviewed the submitted billing entries and find the request to be reasonable.  The billing entries contain sufficient detail to assess their reasonableness, and upon review none appear to be objectionable.  Respondent also has not indicated that he finds any of the billing entries to be objectionable.

Therefore, Petitioner is awarded final attorneys' fees in the amount of **$15,225.00**.

### C.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $549.48 in attorneys' costs.  This amount consists of costs associated with acquiring medical records and document retrieval fees.  *See* Fees App., Ex. B. Petitioner has provided adequate documentation supporting the requested costs, and Respondent has not identified any other specific costs as objectionable.  I find these costs to be reasonable and award them in full.

Accordingly, Petitioner is awarded final attorneys' costs in the amount of **$549.48**.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable to the extent described above.  I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $15,225.00 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$15,225.00** |
| | |
| Attorneys' Costs Requested | $549.48 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$549.48** |
| | |

3

| Total Amount Awarded | $15,774.48 |
|---|---|

**Accordingly, I award a lump sum in the amount of $15,774.48, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).